

**FILED**

FEB 0 3 2012

PATRICK E. DUFFY, CLERK

By_____
    DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MATTHEW LYNN MONTGOMERY, | ) | CV 11-120-M-DWM-JCL |
| | ) | CV 11-121-M-DWM-JCL |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARTIN FRINK, Warden, Crossroads | ) | |
| Correctional Center; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Matthew Lynn Montgomery filed a petition for writ of habeas

corpus in federal court on September 2, 2011, challenging the validity of his

convictions and sentences for incest and sexual assault. (Dkt # 1.) United States

Magistrate Judge Jeremiah C. Lynch subsequently ordered Montgomery to show

cause why the petition should not be dismissed with prejudice, noting that many of his claims appeared to be time-barred or procedurally defaulted. (Dkt # 7.) Montgomery responded in a brief filed November 4, 2011 (dkt # 10), and Judge Lynch entered Findings and Recommendation on December 23, 2011 (dkt # 11).

In his Findings and Recommendation, Judge Lynch found that Montgomery failed to show cause why the claims that he failed to raise first in state court are not procedurally barred.[1] Thus, he recommended these claims be dismissed with prejudice. Judge Lynch also found that the claims Montgomery did present to the Montana Supreme Court concern only issues of state law. Because federal habeas relief is not available where only errors of state law are alleged, he recommended these claims be dismissed as well.

Montgomery timely objected (dkt # 14) and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). For the reasons stated below, this Court adopts Judge Lynch's findings and recommendation in full. Because the parties are familiar with the factual and procedural background, it will not be restated here except as necessary

---

[1]Judge Lynch made no findings or recommendations with respect to whether Montgomery's petition was time-barred. He did not need to reach this issue because the claims must be dismissed on other grounds. For the same reason, this Court does not address Montgomery's discussion of the statute of limitations.

to explain the Court's decision.

## A. Pro se litigants

Both in his response to Judge Lynch's show cause order and in his

objections to the Findings and Recommendation, Montgomery emphasizes that he

is a pro se litigant, untrained in the law, and that he struggles to articulate his case

as an attorney might.

Courts are required to construe pro se pleadings liberally. Erickson v.

Pardus, 551 U.S. 89, 94 (2007)(pro se pleadings "must be held to less stringent

standards than formal pleadings drafted by lawyers")(internal quotations and

citations omitted). Courts grant even greater leeway to pro se prisoners, in part

because of the issues Montgomery complains of—for example, his "choice of self-

representation is less than voluntary" and his access to up-to-date legal materials is

limited. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(quoting Jacobsen

v. Filler, 790 F.2d 1362 (9th Cir.1986)). However, "the petitioner is not entitled to

the benefit of every conceivable doubt; the court is obligated to draw only

reasonable factual inferences in the petitioner's favor." Porter v. Ollison, 620 F.3d

952, 958 (2010). Additionally, like all parties, pro se litigants are responsible for

knowing and complying with the procedural and substantive rules of the Court.

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Montgomery does not point to any example of Judge Lynch failing to liberally construe his allegations, and the Court finds none. The reasons that Montgomery's claims must be dismissed would also bar an attorney from pursuing relief for Montgomery in this Court. The same rules and laws apply to pro se litigants as to attorneys.

## B. Claims Montgomery failed to raise before the Montana Supreme Court

Montgomery did not present Claims 3 through 7 in state court prior to raising them here.[2] "Before a federal court may consider the merits of a state prisoner's petition for a writ of habeas corpus, the prisoner generally must first exhaust his available state court remedies." Smith v. Baldwin, 510 F.3d 1127, 1137–38 (9th Cir. 2007)(citing 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982)). Default can be excused if the petitioner shows cause for his failure to raise the claims in state court first. Cook v. Schriro, 538 F.3d 1000, 1027 (9th Cir. 2008). But Montgomery does not demonstrate that his default "is due to an external objective factor that cannot be fairly attributed to him." Smith, 510 F.3d at 1146 (citation and internal quotation marks omitted). He states he "did not

---

[2]For ease of discussion, the Court adopts Judge Lynch's enumeration of Montgomery's claims. Findings and Recommendation, dkt # 11, 4–5.

know about [his other claims] when the original petition was filed." Dkt # 14, 3.
This factor is neither external nor objective cause for his default. Neither does
Montgomery offer any evidence to show that "it is more likely than not that no
reasonable juror would find him guilty beyond a reasonable doubt." Smith, 510
F.3d at 1140. Because Montgomery did not raise Claims 3 through 7 before the
state court, these claims—including his equal protection claim—are defaulted.
Because he has not shown a legally valid excuse for his default, the claims are
procedurally barred in federal court.

## C. Claims Montgomery raised before the Montana Supreme Court

Montgomery's state habeas petition raised issues that can fairly be
construed to encompass Claims 1, 2, 8, and 9 of his federal petition. All four
claims concern questions of state, not federal, law. Montgomery argues his 2003
incest conviction is invalid and his plea agreement should be rescinded because
Montana does not permit a nolo contendere plea to a sexual offense. Mont. Code
Ann. § 46-12-204(4). He also argues his 2007 convictions for sexual assault are
invalid because they rested in part on the 2003 conviction. Finally, he contends
the Montana Supreme Court violated his federal right to due process by refusing to
grant him habeas relief based on these allegations.

The Montana Supreme Court considered and rejected Montgomery's

arguments based on Montana law.  Montgomery v. Law, No. OP 10-0489 (Mont.

filed Oct. 5, 2010), available at http://supremecourtdocket.mt.gov.  Montgomery

could have raised his claim that his nolo contendere plea violated § 46-12-204(4)

on direct appeal, but he "elected not to do so and instead accepted the benefit of

his bargain."  Id. at 2 (citing Hardin v. State, 146 P.3d 746 (Mont. 2006)).  Failure

to assert the claim on appeal constituted waiver, and the claim was thus

procedurally barred.  See Hardin, 146 P.3d at 750 (citing Mont. Code Ann. § 46-2-

105(2)).

No federal court can "reexamine state court determinations on state law

questions."  Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).  Moreover, state

procedural rules serve as adequate and independent grounds to bar federal habeas

review if they are "firmly established" and "regularly followed."  Beard v. Kindler,

558 U.S. —, 130 S.Ct 612, 618 (2009).  Here, the Montana Supreme Court denied

Montgomery's writ of habeas corpus based on its interpretation of Montana Code

Annotated § 46-12-204(4), where the claim is not raised on direct appeal, and its

determination of procedural default under § 46-2-105(2).  The Montana Supreme

Court has three times rejected habeas petitions raising the same issue.

Montgomery, No. OP 10-0489, 2.  The Montana Supreme Court's judgment rested

on adequate, independent state grounds which this Court cannot second-guess.

The authority Montgomery cites in his objections is inapplicable. <u>United States vs. Morgan</u>, 346 U.S. 502 (1954), concerned a writ of coram nobis challenging a federal conviction. Federal coram nobis is not available for state convictions. <u>Hensley v. Municipal Court</u>, 453 F.2d 1252 n. 2 (9th Cir.1972), rev'd on other grounds, <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973)("Coram nobis lies only to challenge errors occurring in the same court."). Nor does 21 U.S.C. § 812 apply; Montgomery is not a federal criminal defendant.

Accordingly, federal habeas relief is unavailable on Claims 1, 2, 8, and 9.

## Conclusion

Claims 3 through 7 are procedurally barred because Montgomery failed to raise them before the state court and the default is unexcused. Claims 1, 2, 8, and 9 are barred because federal habeas relief is unavailable where a state supreme court's judgment is based on adequate and independent state law. Thus, all of Montgomery's claims must be dismissed, and a certificate of appealability is not warranted.

IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendation (dkt #11) are adopted in full.

2. This matter is DISMISSED WITH PREJUDICE. The Clerk of Court is

directed to close this matter and enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

Dated this __3rd__ day of February 2012.

Donald W. Molloy, District Judge
United States District Court